FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

May 15, 2023

_____

Christopher M. Wolpert
Clerk of Court

KAREN COUNTRYMAN-ROSWURM,

    Plaintiff - Appellee,

v.

RICHARD MUMA, in his individual capacity,

    Defendant - Appellant,

and

WICHITA STATE UNIVERSITY; KYOUNG LEE, in his individual capacity; ANDREW HIPPISLEY, in his individual capacity; FRED BESTHORN, in his individual capacity; KAY MONK-MORGAN, in her individual capacity,

    Defendants.

No. 22-3160
(D.C. No. 2:21-CV-02489-DDC-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Dr. Karen Countryman-Roswurm is a college professor who allegedly encountered sexual harassment. She contends that the provost, Dr. Richard Muma, failed to address the harassment. So Dr. Countryman-Roswurm sued Dr. Muma, invoking 42 U.S.C. § 1983 and asserting two theories of a denial of equal protection.

Dr. Muma moved for dismissal, urging a time-bar on one theory and qualified immunity on the other theory. The district court rejected Dr. Muma's arguments and denied his motion to dismiss. We disagree with these rulings.

I.   **Dr. Countryman-Roswurm alleges persistent sexual harassment.**

Dr. Countryman-Roswurm obtained a dual appointment at Wichita State University as a professor and as the executive director of a center to fight human trafficking. Another professor allegedly harassed Dr. Countryman-Roswurm by spreading a lie that she had obtained the dual appointment through sex.

Dr. Countryman-Roswurm filed a complaint in December 2018 with the university's Office of Institutional Equity and Compliance. This office didn't resolve Dr. Countryman-Roswurm's concerns, so she allegedly told Dr. Muma about the harassment in February 2019 and in November 2019. Both times, Dr. Muma allegedly failed to adequately respond. For example, Dr. Muma allegedly responded to the complaint in February 2019 by telling Dr. Countryman-Roswurm that she should "let go" of her complaints.

Appellant's App'x at 33. And Dr. Muma allegedly responded to the complaint in November 2019 by telling Dr. Countryman-Roswurm that the university was terminating her contract with the center on human trafficking.

## II. We apply the same standard that existed in district court.

We conduct de novo review, crediting the allegations in the complaint and viewing them in the light most favorable to Dr. Countryman-Roswurm. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). The complaint must contain enough facts to state a facially plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Allegations about the first complaint (February 2019) are not actionable because the conduct took place outside the limitations period.

Dr. Countryman-Roswurm relies in part on Dr. Muma's response to the first complaint in February 2019.[1] Dr. Muma argues that even if his response had otherwise been actionable, the claim would have been time-barred.

Though timeliness is an affirmative defense, the complaint is subject to dismissal when the complaint shows on its face that the claim is untimely. *Herrera*, 32 F.4th at 991. To determine how much time the

---

[1] In the complaint, Dr. Countryman-Roswurm also refers to other discussions with Dr. Muma prior to 2019. But in the appeal, Dr. Countryman-Roswurm doesn't rely on those discussions.

3

plaintiff had, we consider the state's period of limitations for personal-injury actions. *See Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Kansas, that period is two years. Kan. Stat. Ann. § 60-513(a)(4).

A claim based on Dr. Muma's response in February 2019 would ordinarily be time-barred. The claim would have accrued when Dr. Muma had committed the wrongful act and harmed Dr. Countryman-Roswurm. *Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017). The alleged act and harm would have occurred in February 2019, when Dr. Muma allegedly discouraged further complaints. And Dr. Countryman-Roswurm waited roughly 2 years and 7 months before suing.[2]

Though Dr. Countryman-Roswurm doesn't deny that she waited more than two years to sue, she invokes the doctrines of repeated violations and continuing violations. But when the case was in district court, Dr. Countryman-Roswurm didn't invoke these doctrines against Dr. Muma. So we would ordinarily consider these arguments under the plain-error standard. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir.

---

[2] In January 2020, Dr. Countryman-Roswurm filed an administrative complaint with the Equal Employment Opportunity Commission. In October 2021, the Commission certified Dr. Countryman-Roswurm's right to sue; and she filed the complaint nine days later. But she hasn't argued that the Commission's investigation would bear on the statute of limitations. So we don't consider the effect of the Commission's investigation on the issue of timeliness.

4

2011). But Dr. Countryman-Roswurm hasn't invoked the plain-error standard; we thus decline to consider these new arguments. *See id.* at 1130–31.

Because a claim would have accrued more than two years before Dr. Countryman-Roswurm had sued, she can't rely on Dr. Muma's alleged response in February 2019. So the district court should have dismissed the theory involving Dr. Muma's response in February 2019.

### IV. In responding to the second complaint (November 2019), Dr. Muma didn't violate a clearly established right.

Dr. Countryman-Roswurm also criticizes Dr. Muma for a similar response in November 2019. The complaint describes this incident in two sentences:

> 288. In or about November 2019, Plaintiff again informed Dr. Muma and [another individual] of [Plaintiff's] continued concerns of harassment and hostility.
>
> 289. In response, Plaintiff was informed that [Wichita State University] would be ending her employment as the Executive Director of the [Center for Combatting Human Trafficking] by no longer honoring her employment contract/paying her [Center for Combatting Human Trafficking] salary effective December 31, 2019.

Appellant's App'x at 40.

In district court, Dr. Countryman-Roswurm argued that these allegations show acquiescence in the sexual harassment. In response, Dr. Muma asserted a defense of qualified immunity. The district court rejected this defense, reasoning that our precedents clearly forbid a

5

supervisor from acquiescing in sexual harassment. But this reasoning overlooks the university's ongoing investigation into Dr. Countryman-Roswurm's complaints. That investigation blurs the applicability of our precedents.

Dr. Muma would enjoy qualified immunity unless the allegations in the complaint plausibly showed the violation of a clearly established constitutional right. *Frey v. Town of Jackson*, 41 F.4th 1223, 1232 (10th Cir. 2022). In challenging this immunity, Dr. Countryman-Roswurm points out that our precedents prohibit a supervisor from acting with deliberate indifference to a subordinate's complaints of sexual harassment. *See, e.g.*, *Johnson v. Martin*, 195 F.3d 1208, 1219 (10th Cir. 1999); *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999). Relying on these precedents, Dr. Countryman-Roswurm opposes qualified immunity on the ground that Dr. Muma acquiesced in the harassment.

But these precedents didn't involve acquiescence when the institution itself was already investigating the same complaint. Dr. Countryman-Roswurm acknowledges that the university was investigating her complaints through the Office of Institutional Equity and Compliance, which had been designated to monitor and oversee implementation of "Equal Opportunity Law" and compliance with Title IX. Appellant's Opening Br. at 4–5 n.4.

6

In the complaint itself, Dr. Countryman-Roswurm specifies the investigating office's ongoing study of her complaints before her meeting with Dr. Muma in November 2019:

1. In December 2018, Dr. Countryman-Roswurm made her first formal complaint to the investigating office.

2. In January 2019, the investigating office conducted two interviews of Dr. Countryman-Roswurm.

3. At some point, Dr. Countryman-Roswurm reported to the investigating office that Dr. Fred Besthorn, a colleague who allegedly perpetrated much of the sexual harassment, had entered her locked office and put signs on her furniture, claiming ownership of the furniture.

4. In the Fall of 2019, another university official forwarded another complaint from Dr. Countryman-Roswurm to the investigating office.

5. In September 2019, Dr. Countryman-Roswurm again met with the investigating office.

6. In the Fall of 2019, the investigating office received reports that Dr. Besthorn had belittled human trafficking and called Dr. Countryman-Roswurm a "crazy prostitute."

7. The investigating office interviewed other faculty members and university officials.

Appellant's App'x at 28–29, 35–37, 39, 41, 44–45.

Dr. Countryman-Roswurm could have overcome qualified immunity by showing that

- a precedent or the great weight of authority had placed the constitutional violation beyond debate or

- Dr. Muma's conduct had been so obviously unlawful that a factually similar precedent would have been unnecessary.

7

*See Ashaheed v. Currington*, 7 F.4th 1236, 1246–47 (10th Cir. 2021). But Dr. Countryman-Roswurm didn't make either showing.

Dr. Countryman-Roswurm has not identified any cases recognizing a constitutional violation when supervisors failed to take action while their institutions were separately investigating the same complaints.[3] She instead downplays the pending investigation as "a minor change in fact." Appellee's Resp. Br. at 22.

Granted, a constitutional violation might remain clear despite minor factual differences with earlier precedents. *See Simpson v. Little*, 16 F.4th 1353, 1366 (10th Cir. 2021) (concluding that the law was "clearly established" despite "minor factual differences" with a prior precedent). But when the prior precedents are factually distinguishable, the differences usually bear on the clarity of a constitutional right. *See, e.g.*, *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1211 (10th Cir. 2017) (concluding that prior cases were "too factually distinct to speak clearly to the situation [the defendant] confronted"). That is the case here, for the cited cases involve factual differences that would have mucked whatever guidance Dr. Muma could have drawn as to his constitutional obligation. *See Helm v.*

---

[3] Dr. Countryman-Roswurm downplays the university's investigation as a "sham." But in the complaint, she did not allege that Dr. Muma had regarded the university's investigation as a sham. Without such an allegation, Dr. Countryman-Roswurm hasn't shown how deficiencies in the investigation would have alerted Dr. Muma to a constitutional duty to act.

*Kansas*, 656 F.3d 1277, 1290 (10th Cir. 2011) (stating that the "most significant immediate measure" for an employer, when responding to a complaint of sexual harassment, "is to launch a prompt investigation to determine whether the complaint is justified" (quoting *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001))).

Given the university's ongoing investigation, none of the cited cases would have clearly required a provost to act on the complaint. So Dr. Muma's alleged response to the complaint in November 2019 wouldn't have violated a clearly established constitutional right. *See White v. Pauly*, 580 U.S. 73, 79 (2017) (noting that for a right to be clearly established, the existing precedent must have placed the legal question beyond debate). Without a clearly established denial of equal protection, the district court should have dismissed the theory growing out of Dr. Countryman-Roswurm's complaint in November 2019.

We thus reverse and remand for further proceedings.

Entered for the Court


Robert E. Bacharach
Circuit Judge